## In re LANDECK & MERRILL.

District Court, W. D. Washington, N. D.
April 26, 1927.

No. 200.

Customs duties ⬡60½—Evidence held to warrant action of Secretary of the Treasury in revoking license of custom house brokers (Comp. St. §§ 5550–5552).

That a firm of custom house brokers kept no books of account showing their transactions with clients, and through oversight neglected, in some cases for several years, to pay over to importers refunds received, *held* to constitute substantial evidence which justified the revocation of their license by the Secretary of the Treasury, under Comp. St. §§ 5550–5552.

Petition for review. Landeck & Merrill, partners, apply under Act June 10, 1910, § 3 (Comp. St. § 5552), for review of decision of the Secretary of the Treasury, revoking their license as custom house brokers. Affirmed.

Thos. P. Revelle, U. S. Dist. Atty., and Arthur Simon, Asst. U. S. Dist. Atty., both of Seattle, Wash., for the United States.

W. P. Guthrie, of Seattle, Wash., for Landeck & Merrill.

NETERER, District Judge. Landeck & Merrill, licensed custom house brokers under the statute above referred to, were duly notified by the collector of customs to show cause on a given day why their license as customs brokers should not be revoked, charging them with having withheld and used for their own purposes funds due importers in connection with entries named. After hearing, and transmittal of the record to the Treasury Department, the Secretary of the Treasury "finds the firm of Landeck & Merrill guilty of irregularities unfitting them to conduct a customs brokerage business, and the license issued the firm as customs brokers is hereby revoked." From this revocation, appeal is prosecuted under the section above stated.

When this appeal was presented to the court, upon the statements then made as to newly discovered evidence, and upon the suggestion of the court, the matter was continued and application made to the Secretary of the Treasury to have the matter reopened for further evidence. The case was reopened and further evidence presented on behalf of the brokers. The Secretary of the Treasury, upon due consideration of the entire record, together with the new testimony presented, found the brokers guilty of irregularities unfitting them, etc., confirming the former finding, and revoked the license, and the matter is again before the court for review.

The evidence shows that all the refunds due, set out in the charges, have been paid—one after the show cause order was served; the others after notice of nonpayment by the examiner for the collector of customs, some two or three years after the refund was made to the brokers. It is shown that the brokers kept no books of accounts of transactions with clients, or memoranda of funds received or refunds due, except copies of the letters written and loose-leaf files of letters received. When refunds were made, it was "necessary to consult the custom house records. * * *" One of the licensees says: "* * * These refund papers were handed me personally, or Landeck, maybe, most of the time at 9 o'clock in the morning on my first visit to the customhouse, which was a very busy time of day." Witness further says: "From early in 1920 until March, 1923, * * * we passed approximately 4,308 consumption entries. * * * Total valuation, $26,850,000; duty paid, approximately $114,150; and refunds, approximately $4,558." And further says: "I am positive, had we had the figures and facts—in other words, had we taken the refund slips and checked these up, and had the figures, I am positive refunds would have been made. It was through oversight that we neglected to make some of them."

Oversight and negligence is no excuse. The collector, upon application, may issue to a citizen of good moral character a license to transact business as customs broker in the district. Section 5550, Comp. St.

The collector may at any time, for good and sufficient reasons, serve notice in writing upon any customs broker so licensed to show cause, why said license should not be revoked. The notice shall contain a statement specifically setting forth the grounds of complaint and a hearing shall be accorded within 10 days. All proceedings, including the proof of the charges and the answer, shall be presented. The broker may be represented by attorneys. Stenographic copy shall be made and delivered to the customs broker, and at the conclusion the collector shall forthwith transmit all papers, together with the stenographic report of the hearing, to the Secretary of the Treasury for his action. The Secretary shall have the right to revoke the license, in which case formal notice shall be given to such customs broker. Section 5551, Comp. St. Any broker aggrieved by the decision of the Secretary of the Treasury may apply to the United States District Court in

the district for a review of such finding. The filing of the application for review stays the revocation of the license. The decision of the court shall be upon the merits, as disclosed by the record, and be final, and the proceedings remanded to the Secretary of the Treasury for further action to be taken in accordance with the terms of the decree.

The laws of the United States are passed to insure efficient service, and the rules of the department promulgated by busy business men to regulate large business conducted by business men, and when licensees are conducting the business in a fashion which is unbusinesslike, in such a way as to disclose the business status, and in a way which does not inspire the confidence of the Treasury Department, whose agent the broker is, or the public, the Treasury Department is warranted in revoking the license.

It is admitted that refunds were made and deposited by the brokers in their personal accounts, and checked out in the ordinary personal business, and these refunds in issue had been thus retained for several years. No books of account had been kept. It was impossible at any time to obtain any information of the business transacted by the brokers and their relation to importers transacting business through the Treasury Department.

There is substantial evidence to sustain the findings of the Secretary of the Treasury, and this court is not warranted in disturbing such finding. Its jurisdiction, as I view it, is limited to determine whether there is substantial evidence to sustain the charge, and of this there is no doubt. Whether there was criminal intent to convert the funds is immaterial in this hearing. The irregularities and negligence were so gross in character that the findings of the Secretary of the Treasury must be affirmed.

A decree may accordingly be presented.