**Emmaline KINDRED, Plaintiff,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant.**

No. 84 C 1354.

United States District Court, N.D. Illinois, E.D.

Sept. 24, 1984.

Helen R. Rogal, Chicago, Ill., for plaintiff.

Edward J. Moran, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Emmaline Kindred ("Kindred") has sued for judicial review of a final decision of the Secretary of Health and Human Services ("Secretary") (1) reversing the denial of disability insurance benefits to Kindred for a closed period beginning April 29, 1981 but (2) finding that as of December 29, 1982 she was no longer disabled in the terms of Social Security Act ("Act") § 223, 42 U.S.C. § 423 and therefore no longer entitled to receive benefits.[1] Administrative Law Judge Irving Stillerman ("ALJ Stillerman" or simply the "ALJ") issued his decision March 7, 1983. Kindred then exhausted her administrative remedies in proper sequence (a process that resulted in

---

1. Kindred does not seek review of Secretary's disability decision as it affected her right to receive supplemental security income under Act § 1614(a)(3)(A), 42 U.S.C. § 1382c(a)(3)(A). See R. 10.

the ALJ's decision becoming Secretary's) and brought this action against Secretary pursuant to Act § 205(g), 42 U.S.C. § 405(g).

Following the almost unvarying pattern in these cases, which come to this Court on the administrative record and a decision by Secretary, the parties have filed cross-motions for summary judgment. In a less frequent variation of the customary sequence of events, Kindred has moved alternatively for remand of her case to Secretary for the purpose of taking additional evidence. Kindred's alternative attack rests on alternative premises:

1. No substantial evidence supports the ALJ's finding that Kindred was no longer disabled as of December 29, 1982 and could resume her past relevant work (this of course is the claimed predicate for summary judgment).

2. New evidence requires additional consideration at the administrative level (this is the reason asserted for remand).[2]

Kindred's first contention cannot be sustained on a careful review of the record as a whole. But the new evidence offered by Kindred, especially when viewed in combination with record evidence suggesting the chronic nature of her impairment, necessitates remand to Secretary for further consideration. Accordingly the parties' cross-motions for summary judgment are denied and Kindred's alternative motion for remand is granted.

### Facts

Kindred, who was 28 years old at the time of the ALJ hearing, is a divorced woman with two years of college education. She was forced to leave her job as a payroll clerk in April 1981 because of severe back pain. In June 1981 and again in September 1981 she was admitted to Evanston Hospital for back surgery. Since then she has continued to undergo treatment for recurrent back pain.

On the question whether Kindred was no longer disabled as of December 29, 1982 ALJ Stillerman had before him Kindred's testimony and several medical opinions:

1. Dr. Jack L. Robbins examined Kindred on March 31, 1982 and filed a report (R. 185) in which he stated her flexibility and mobility were essentially within normal limits. Dr. Robbins went on to say lumbosacral spine x-rays showed "no bony abnormality or disc narrowing at all at this time, no sclerosis is associated with reactive bone formation and in themselves they offer a very good prognosis" (R. 186). But Dr. Robbins also observed (R. 186) that despite the favorable prognosis Kindred:

> is one of those people with more than one disc problem who has really disc disease as an ongoing phenomenon.... She will have some recurrent mild symptomatology interspersed with periods of more discomfort, but like the dictator, himself, there is no real reason for her to be disabled for more than the real acute periods of her illness.

2. Dr. Tomasz Helenowski examined Kindred in the course of treatment at the Evanston Hospital neurology clinic on July 23, 1982. He filed a Spinal Disorders report (R. 188), in which he indicated Kindred had low back pain radiating to the right leg as well as some corresponding sensory loss. He noted she was capable of unassisted ambulation for about two hours.

3. Dr. Helenowski also examined Kindred on August 27 and September 3, 1982. On November 3, 1982 he described the course of her treatment and observed she continued to suffer back pain. At that time her most recent x-rays showed

---

**2.** Kindred also argues remand is necessary because she lacked effective assistance of counsel at the hearing. It is true that a considerable portion of the hearing transcript is given over to wrangling between the ALJ and Kindred's counsel, who arrived late for the hearing. Their dispute focused on the ALJ's refusal to grant a continuance in the case. It does not appear to this Court either (a) that the ALJ was prejudiced in his evaluation of the record by that interchange or (b) that the attorney's late arrival impaired Kindred's opportunity to develop the evidence on her behalf. This opinion therefore focuses upon Kindred's two stronger arguments.

"mild" disc narrowing and some calcification of soft tissues in the area of Kindred's prior surgery. Dr. Helenowski concluded (R. 193):

> Due to the long course of continued pain and since the patient has had two lumbar laminectomies in the past, her prognosis for significant improvement is guarded.

Based upon those reports the ALJ found that as of the time of the hearing there was no evidence of continuing severe pathology. Additionally he noted Kindred's testimony that she does the cooking and other light items around the house, helps with the shopping and drives an automobile for short distances. Moreover he observed during the hearing that she moved about with no apparent restriction or difficulty. His conclusion was succinctly stated (R. 16):

> [A]n evaluation of the claimant's complaints of pain in light of the observations of the Administrative Law Judge at the hearing, the medical evidence of record, the motivation and demeanor of the claimant, and the claimant's own testimony as to her usual activities leads to the conclusion that the claimant's complaints of pain are not entirely credible and that the claimant does not suffer from pain severe enough to preclude her past relevant sedentary clerical work.

On April 28, 1983 Kindred sought review of the ALJ's decision by the Appeals Council (R. 5). She submitted in connection with her request a CT scan report (R. 8) as well as an additional medical report from Dr. Helenowski (R. 9) based on examinations of Kindred in January, March and April 1983. Dr. Helenowski then stated (a) Kindred's pain had not diminished under the various drug therapies he had attempted and (b) he was considering hospitalizing her for a myelogram and perhaps further surgery. Dr. Helenowski concluded (R. 9):

> [Kindred] presently cannot be expected to work, since she would need frequent periods of rest during which she would need to lie down to relieve her low back and leg pain.

On December 20, 1983 the Appeals Council denied Kindred's request for review.

### Substantial Evidence

■ It is standard lore that Secretary's decision cannot be upheld unless it is supported by substantial evidence "considering the record as a whole." *Strunk v. Heckler*, 732 F.2d 1357, 1359 (7th Cir.1984). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), quoting from *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938). Kindred contends the ALJ's finding that she was no longer disabled on December 29, 1982 fails that test because it did not properly take account of (1) Dr. Helenowski's conclusion that Kindred continues to suffer severe back pain and (2) Kindred's testimony that since her second surgery she has not had significant relief from her pain.

As to the first point, Kindred contends Dr. Helenowski is her treating physician, entitling his assessment of her condition to more weight than that of Dr. Robbins. See *Allen v. Weinberger*, 552 F.2d 781, 786 (7th Cir.1981). Nonetheless our Court of Appeals has recognized the real-world likelihood that a patient's regular treating physician "might have been leaning over backwards to support the application for disability benefits." *Cummins v. Schweiker*, 670 F.2d 81, 84 (7th Cir.1982).

ALJ Stillerman admirably accommodated those opposing principles. He observed that the physicians agreed in large part as to Kindred's physical condition. Both found (1) her flexibility and mobility were essentially within normal limits and (2) x-rays evidenced the substantial success of her spinal surgery. Their disagreement lay in their estimates of the pain she continued to suffer. Faced with such opposing conclusions deriving from similar clinical findings, the ALJ properly declined simply to credit Dr. Helenowski's opinion over Dr. Robbins'. Rather he looked to other

evidence, including Kindred's testimony as to her daily activities and his own observation of her movements at the hearing. On the basis of all that evidence considered together, the ALJ reasonably decided Kindred was not suffering from disabling pain.

■ In short the ALJ "merely balanced conflicting evidence as any factfinder must do, and found that the medical evidence against a finding of disability outweighed the showing that the claimant was disabled." *Strunk*, 732 F.2d at 1364, quoting *Peppers v. Railroad Retirement Board*, 728 F.2d 404, 406 (7th Cir.1983). This Court is not free to reweigh that evidence de novo. *Cummins*, 670 F.2d at 84.

■ As to the second point, ALJ Stillerman concluded Kindred's own testimony that she continued to suffer severe back pain was not credible, again based upon her description of her daily activities and his observation of her movements at the hearing. Findings as to a claimant's credibility are even less open to review by this Court than findings with respect to medical evidence. *Cummins*, 670 F.2d at 84. But even on a less deferential standard, the ALJ's findings would surely survive review. ALJ Stillerman quite permissibly credited Kindred's accounts of her daily activities plus his direct observation of her physical capabilities with greater weight than her own estimates of the severity of her pain—estimates that were open to question, given Kindred's natural interest in obtaining disability benefits.

### New Evidence

■ It is clear enough Kindred's motion for summary judgment must be denied. That does not however mean Secretary's motion must be granted—at least where as here there is good cause for remand to Secretary for the taking of additional evidence. There is a particular need to investigate the possibility of such remand in a case like this one where the record, while sustaining a finding of no disability as of a specific date, also contains strong evidence

the claimant suffers from a chronic disease and future acute episodes are likely.

Act § 205(g), 42 U.S.C. § 405(g) provides: The court ... must at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding....

In support of her motion for remand under that provision, Kindred submits the CT scan report and the letter from Dr. Helenowski (both of which accompanied her application to the Appeals Council), together with physicians' notes from January and March 1983 and hospital records indicating two admissions for exacerbated back pain in May and August 1983.

There is a reasonable possibility such strong evidence of the continuation and worsening of Kindred's condition may alter Secretary's determination. Accordingly Kindred has met the statutory requirement of materiality. See *Czubala v. Heckler*, 574 F.Supp. 890, 901 (N.D.Ind.1983). Moreover, Kindred has met her burden of showing good cause for failing to incorporate the evidence into the prior record. All the events giving rise to the new evidence occurred after the ALJ hearing. Some of the items nevertheless became part of the record because Kindred, then acting without assistance of counsel, included them as part of her application for Appeals Council review. True enough the evidence of Kindred's hospitalizations was not submitted, but they occurred after Kindred (acting on her own behalf) had filed her application for review. It is not unreasonable that Kindred was insufficiently informed in procedural terms to make a supplemental submission to the Appeals Council. See *Czubala*, 574 F.Supp. at 901–02.

Because Kindred has met the standard of Act § 205(g), her alternative motion for remand is granted. On remand the ALJ should consider any new evidence presented by Kindred in the context of a reevaluation of the record as a whole. It is entirely possible the new evidence will show the

record (even as it stood on December 29, 1982) in a different light, prompting the ALJ to reweigh the reports of Drs. Helenowski and Robbins or to revise upward his estimate of Kindred's credibility. In either instance a change in the December 29 determination might be appropriate.

Alternatively the ALJ might find, for example, that by the middle of 1983 Kindred's condition had deteriorated sufficiently to requalify her for disability benefits. That finding might lead to no more than a brief gap in Kindred's disability payments (between December 29, 1982 and the newly determined date).

### Conclusion

Both parties' motions for summary judgment are denied. Kindred's alternative motion for remand for reconsideration in the light of new evidence is granted. Because ALJ Stillerman is familiar with this case, and because both his conduct of the hearing and his report reflect the open-mindedness essential to a hearing officer, there is no reason for the further hearing to be conducted by a different ALJ.