James A. **BARNHART**, Plaintiff,

v.

**UNITED STATES TREASURY DEPARTMENT**, Defendant.

Court No. 81–3–00328.

United States Court of International Trade.

June 24, 1985.

Leonard M. Fertman, P.C., Leonard M. Fertman, Arthur E. Schwimmer, Los Angeles, Cal., for plaintiff.

Richard K. Willard, Acting Asst. Atty. Gen., Washington, D.C., Joseph I. Liebman, Attorney in Charge, International Trade Field Office, Commercial Litigation, Saul Davis, New York City, for defendant.

### Memorandum Opinion and Order

FORD, Judge:

The matter before the Court involves review of an order of the Secretary of the Treasury (Secretary) suspending plaintiff's customshouse broker's license for a period of ninety days. The Secretary had originally entered an order revoking plaintiff's license. In accordance with this Court's order of remand in *James A. Barnhart v. United States Department of Treasury,* 7 CIT ——, 588 F.Supp. 1432 (May 31, 1984), a procedural due process failure at the administrative level was corrected and the subsequent decision modified the original penalty. Jurisdiction is pursuant to section 641(b) of the Tariff Act of 1930, as amended, 19 U.S.C. § 1641(b), and 28 U.S.C. § 1581(g).

The facts in this case were extensively summarized in *Barnhart* (supra) and need not be fully repeated here. Briefly, plaintiff was convicted on four counts of receiving stolen merchandise and one count of conspiracy on March 22, 1976. On June 13, 1978, plaintiff's convictions were set aside and the case against him dismissed pursuant to California Penal Code § 1203.4. The Customs Service issued a Notice to Show Cause and Statement of Charges on July 18, 1979, charging plaintiff with being disreputable based on misconduct as evidenced by his convictions. An administrative hearing was held, and the hearing offi-

cer, a Customs official, recommended that plaintiff be given a serious reprimand. The Customs Service filed timely exceptions to the hearing officers decision, but these exceptions were not served on plaintiff.

On February 3, 1981, the Secretary issued an order revoking plaintiff's customhouse broker's license. Plaintiff appealed to this Court which, after a hearing, remanded the case to allow plaintiff to respond to the exceptions to the hearing officer's decision filed by the Customs Service. In its subsequent decision, the Treasury Department modified its penalty from revocation to a ninety day suspension. It is from that action plaintiff presently appeals.

Two issues are raised by plaintiff in this review. Plaintiff contends the term "disreputable", as used in 19 U.S.C. § 1641(b), is void for vagueness on its face. Consequently, plaintiff argues the suspension of his customhouse broker's license on that sole statutory ground constitutes a violation of due process under the Fifth Amendment. Plaintiff also alleges the decision of the Secretary suspending plaintiff's license is arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence.

19 U.S.C. § 1641(b) sets forth the grounds for revocation or suspension of a customhouse broker's license. For the purposes of this challenge, the statute provides, in relevant part:

... [the] Secretary of the Treasury shall have the right to revoke or suspend the license of any customhouse broker shown to be incompetent, disreputable, or who has refused to comply with the rules and regulations issued under this section....

■ In assessing the claim that the term "disreputable" is void for vagueness on its face, the Court is aware of the strong presumption of constitutional validity given to Congressional legislation. *United States v. Carolene Products Co.*, 304 U.S. 144, 58 S.Ct. 778, 82 L.Ed. 1234 (1938); *Erie Navigation Co. v. United States*, 83 Cust.Ct. 47, C.D. 4820, 475 F.Supp. 160

(1979). "When one interpretation of a statute would create a substantial doubt as to the statute's constitutional validity, the courts will avoid that interpretation absent a clear statement of a contrary legislative intent." *Usery v. Turner Elkhorn Mining Co.*, 428 U.S. 1, 96 S.Ct. 2882, 49 L.Ed.2d 752 (1976).

■ In enacting the statute at issue, Congress set forth, in broad statutory terms, the standards governing revocation and suspension of a customhouse broker's license. In so doing, it must be assumed Congress was concerned with regulating the conduct of persons acting under the auspices of the United States Government. The Secretary was delegated the specific authority to define and implement those standards through agency regulations. This was accomplished by the promulgation of 19 C.F.R. § 111.53, which encompasses the improper conduct specified in Part III of the regulations and places the brokerage community on notice as to the types of conduct prohibited.

In establishing a system conditioning the grant and retention of a broker's license upon good moral character and knowledge of customs-related laws, Congress clearly intended to monitor behavior that would affect the conduct of a brokerage business and the ability to rely on the honesty and competency which the license represents. The validity of this purpose has long been recognized by the Courts. See, e.g., *In re Landeck & Merrill*, 20 F.2d 249 (1927). Viewed in this context, the use of the term "disreputable" in the statute cannot be considered either unduly vague or violative of the due process clause of the Fifth Amendment. "If the general class of offenses to which the statute is directed is plainly within its terms, the statute will not be struck down as vague, even though marginal cases could be put where doubts might arise. *United States v. Petrillo*, 332 U.S. 1, 7, 67 S.Ct. 1538, 1541, 91 L.Ed. 1877 [1947]. Cf. *Jordan v. DeGeorge*, 341 U.S. 223, 231, 71 S.Ct. 703, 707, 95 L.Ed. 886 [1951]. And if this general class of offenses can be made constitutionally definite

by a reasonable construction of the statute, [the] Court is under a duty to give the statute that construction." *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954). Thus construed, I find the term "disreputable", as used in 19 U.S.C. § 1641(b), fully within the parameters of constitutionality and not void for vagueness.[1]

In suspending plaintiff's license for a period of ninety days, the Secretary found "a preponderance of credible evidence supports a conclusion that [plaintiff] engaged in the misconduct of which he was subsequently convicted and that such conduct is disreputable within the meaning of 19 U.S.C. § 1641(b)". Plaintiff contends this decision is arbitrary, capricious, an abuse of discretion, and unsupported by substantial evidence. Two questions are thus presented to the Court: whether there is substantial evidence to support the finding that plaintiff is disreputable; and whether the Secretary's decision to suspend plaintiff's license constitutes an abuse of discretion.

■ Under 5 U.S.C. § 706, the reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be unsupported by substantial evidence. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion. *Fulwood v. Heckler,* 594 F.Supp. 540 (1984); *Kindred v. Heckler,* 595 F.Supp. 563 (1984). This is something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent the agency's finding from being supported by substantial evidence. *Asarco, Inc. v. Occupational Safety and Health Administration,* 746 F.2d 483 (9th Cir.1984); *St. Elizabeth Community Hospital v. Heckler,* 745 F.2d 587 (9th Cir.1984). The Court may not

substitute its judgment for that of the administrative agency. *Oneida Indian Nation of New York v. Clark,* 593 F.Supp. 257 (1984).

■ Both the original decision to revoke and the subsequent decision suspending plaintiff's license were based in part upon a finding that plaintiff's felony convictions could be considered evidence of the underlying misconduct with which he was charged, i.e., being disreputable. In so finding, the Secretary overruled the decision of the hearing officer, who held that since plaintiff's convictions had been expunged pursuant to California law, there was insufficient evidence of disreputable conduct on plaintiff's part to warrant a sanction more severe than a serious reprimand. Neither federal law nor the applicable administrative regulations specify the effect of a state pardon on federal licensing procedures. However, state proceedings expunging a record of disreputable conduct cannot affect federal proceedings based on such conduct as expungement does not change the character of the conduct involved. *Diaz v. Chasen,* 642 F.2d 764 (5th Cir.1981).

Based on the record before me, I do not find the decision of the Secretary to be unsupported by substantial evidence. The Secretary properly considered plaintiff's felony convictions as evidence of the underlying misconduct with which he was charged. *Taylor v. U.S. Civil Service Commission,* 374 F.2d 466 (9th Cir.1967). The Secretary further determined such conduct related directly to plaintiff's honesty and integrity as a customhouse broker. The mitigating evidence as to plaintiff's reputation was also cited in the Secretary's decision. Under these circumstances, the Secretary could properly conclude the evidence would deem plaintiff disreputable.

---

1. In October 1984 Congress revised Section 641 by enacting Section 212(a) of the Trade and Tariff Act of 1984, P.L. 98–573, 98 Stat. 2948. The revised provision governing disciplinary proceeding against customs brokers omits the term "disreputable". However, Section 214(d)(3) of P.L. 98–573 provides: "Any pro-

ceeding for revocation or suspension of a license instituted under section 641 of the Tariff Act of 1930 before the date of the enactment of this Act [October 30, 1984] shall continue and be governed by the law in effect at the time the proceeding was instituted."

Accordingly, the Court will not disturb the findings of the Secretary.

 The remaining issue to be addressed is whether the Secretary's decision to suspend plaintiff's license constitutes an abuse of discretion. Both 19 U.S.C. § 1641(b) and 19 C.F.R. § 111.53 specifically provide for the penalty imposed by the Secretary. In view of this fact, the Court's scope of review under 5 U.S.C. § 706 is limited. After satisfying itself the agency has acted within its statutory authority and the action was accompanied by appropriate procedural protections and supported by substantial evidence, the Court must inquire whether the rationale of the agency is both discernible and defensible. In so doing, the Court may not substitute its judgment for that of the agency, but need only assure itself the decision was rational and based on consideration of relevant factors. *Trans-Pacific Freight Conference v. Federal Maritime Commission,* 650 F.2d 1235 (1980).

The abuse of discretion standard, as described in *Tempo Trucking and Transfer Corp. v. Dickson, et al.,* 405 F.Supp. 506, 514 (1975), provides:

When the penalty chosen by an agency is within the range of sanctions provided by applicable disciplinary regulations, the severity of the sanction imposed is within the discretion of the agency. *Ricci v. U.S.,* 507 F.2d 1390, 1393 (1974). Further, the imposition of a sanction within the authority of an administrative agency is not rendered invalid in a particular case because it is more severe than sanctions imposed in other cases. *Butz v. Glover Livestock Commission Company,* 411 U.S. 182, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973), *rehearing denied,* 412 U.S. 993, 93 S.Ct. 2746, 37 L.Ed.2d 162.

In the case at bar, the decision of the Secretary to suspend plaintiff's license for ninety days does not constitute an abuse of discretion. The Secretary acted within his statutory authority and the action taken met the procedural requirements and was supported by substantial evidence. The severity of the punishment imposed was within the parameters provided by the applicable statute and regulations. The Court is satisfied the relevant factors were considered. The Court is equally satisfied the choice of available sanctions was rational under the facts presented. In view of the foregoing, the Court will not substitute its judgment for that of the Secretary. The decision suspending plaintiff's customhouse broker's license for a period of ninety days is therefore affirmed. Judgment will be entered accordingly.