**Sherita BAILEY**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services.**

No. IP 88–864–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 15, 1989.

Charles D. Hankey, Indianapolis, Ind., for plaintiff.

Sue Hendricks Bailey, Asst. U.S. Atty., Indianapolis, Ind., for defendant.

STECKLER, District Judge.

This matter comes before the Court pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g), for judicial review of the Secretary's final decision denying plaintiff's application for supplementary security income. Plaintiff is a seven-year-old child seeking child's disability benefits. The Administrative Law Judge (ALJ) denied the application on January 20, 1988. The Appeals Council declined to reverse the ALJ's decision. That decision became the final decision of the Secretary.

Under § 205(g), federal courts must accept as conclusive the findings of fact made by the Secretary if such findings are supported by substantial evidence on the record as a whole. *Ray v. Bowen,* 843 F.2d 998, 1001 (7th Cir.1988). Substantial evidence refers to such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420,

1427, 28 L.Ed.2d 842 (1971). If the record contains such support, the Court must affirm the Secretary's decision unless there has been an error of law. *Veal v. Bowen*, 833 F.2d 693, 696 (7th Cir.1987). Further, although this Court will not decide facts anew, reweigh evidence, or substitute its judgment for that of the ALJ, the Court must not simply rubber stamp the decision in the absence of a critical review of the evidence. *Arbogast v. Bowen*, 860 F.2d 1400, 1403 (7th Cir.1988) (citations omitted).

Having reviewed plaintiff's complaint and the memoranda of law, the Court now finds that the decision of the Secretary of Health and Human Services must be affirmed.

### Background

■ Sherita Bailey was born on January 21, 1981, with a protusion of her spinal cord. Shortly after birth, a shunt was placed in her skull for drainage. She is presently able to walk and run fairly normally and is functioning at the low average range of intelligence. Her primary diagnosis is meningomyelocele.

The listing under medical criteria for the evaluation of impairments of children under age 18 which deals with meningomyelocele is section 111.08 of Part 404, Subpart P, App. 1, 20 C.F.R. It reads as follows:

111.08 Meningomyelocele (and related disorders). With one of the following despite prescribed treatment:

A. Motor dysfunction meeting the requirements of § 101.03 or § 111.06; or

B. Less severe motor dysfunction (but more than slight), and:

1. Urinary or fecal incontinence when inappropriate for age; or

2. IQ of 69 or less; or

C. Four extremity involvement; or

D. Noncompensated hydrocephalus producing interference with mental or motor developmental progression.

Plaintiff argues that she satisfies subsection B of § 111.08. Plaintiff has urinary and fecal incontinence which is inappropriate to her age. The critical issue, then, is the presence or absence of "[l]ess severe motor dysfunction (but more than slight)." Section 111.08 B. The ALJ found that plaintiff had only slight motor dysfunction. Plaintiff objects to this conclusion.

### Analysis

Plaintiff contends that the opinion of the reviewing physician (Dr. Beverly Perkins–Edwards) is in direct conflict with that of a treating physician (Dr. Jeffrey Jones). Dr. Perkins–Edwards testified that plaintiff's primary disability related to her meningomyelocele was fecal and urinary incontinence based on a review of the record. Dr. Perkins–Edwards further testified that Sherita's motor dysfunction was not significant because of the location of the meningomylocele and her reported functioning. Therefore, the plaintiff did not meet or equal the listing of Section 111.08.

Plaintiff alleges that Dr. Perkins–Edwards' opinion is contradicted by that of her treating physician, Dr. Jones, and that the ALJ is compelled to accept the treating physician's opinion.

An ALJ is not required to give greater credibility to the treating physician's opinion than that of the reviewing physician. *See Waite v. Bowen*, 819 F.2d 1356, 1359 (7th Cir.1987); *Walker v. Bowen*, 834 F.2d 635, 644 (7th Cir.1987).

■ It is also questionable whether Dr. Jones was a true "treating" physician. The record does not indicate that he ever examined Sherita on any of her numerous visits to the Indiana University hospitals. Rather, it indicates that, as a resident at Indiana University, he responded to plaintiff's interrogatories after examining Sherita's treatment records. His opinion, then, is similar to that of a reviewing physician.

More importantly, though, Dr. Jones' answers to plaintiff's interrogatories do not indicate any basic conflict with the opinions of Dr. Perkins–Edwards. Dr. Jones indicated that Sherita met the medical requirements of § 111.08 and subsection "mylo c̄ urinary and fecal incontinence." He circled only number 1 under section B and elaborated with:

"This patient has never acquired the ability for urinary/fecal continence since

birth (for any appreciable period of time)."

and

"Sherita has not shown age appropriate continence, as explained above."

Dr. Jones does not at any time mention "more than slight motor dysfunction" as characteristic of the patient. Although he states that the plaintiff meets the medical requirements of § 111.08, his total answer indicates a failure to fully comprehend the listings requirements. Thus, the ALJ properly determined, by substantial evidence on the record, that plaintiff fails to meet the requirements of § 111.08.

Finally, plaintiff contends that she is entitled to an "individualized determination of all her functional limitations rather than a limited mechanical and inflexible comparison to the Listings" based on *Zebley v. Bowen,* 855 F.2d 67 (3d Cir.1988). The Third Circuit's holding in *Zebley* placed it in the minority of all circuits which have considered this issue. The present regulatory system recognizes that the adult "gainful activity" criterion is inapplicable to children. *See Hinckley v. Secretary of Health and Human Services,* 742 F.2d 19, 22 (1st Cir.1984). The additional listings for children are intended to serve, and do serve, as a reasonable method of identifying impairments of children which are comparable in severity to those considered disabling in adults. The listings are not arbitrary or capricious and should be upheld.

### Conclusion

Accordingly, by reason of all the foregoing, the Court concludes that the Secretary's decision was supported by substantial evidence on the record as a whole.

Therefore, the Court AFFIRMS the decision of the Secretary.