ALLEN ROBBINS & ROBBINS, INC., PLAINTIFFS *v.*
JAMES A. BAKER, ET AL., DEFENDANTS

Court No. 85-10-01442

(Decided April 27, 1990)

*Herbert Peter Larsen* for plaintiffs.
*Stuart M. Gerson,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, *(Michael P. Maxwell,* attorney) Department of Justice, Civil Division, Commercial Litigation Branch, for defendants.

WATSON, *Judge:* This action was brought to contest the revocation by the Secretary of the Treasury of the Customshouse brokers licenses of Allen Robbins and Robbins, Inc. The revocation was based primarily on a determination that over a period of approximately seven months, from approximately one hundred transactions with importers, Robbins, Inc. had received a sum of approximately $120,000 as duty payment and had failed to timely pay it over to Customs as required by 19 C.F.R. § 111.29.

Plaintiffs have proceeded by way of a motion for summary judgment based on claims that the revocation was not supported by substantial evidence, that the administrative process was flawed by the submission of *ex parte* documents, and that the penalty of revocation was arbitrary and capricious.

The government has moved for judgment on the agency record under Rule 56.1 of the Rules of the CIT The Court treats these as opposing motions for judgment in an action in which the issues are to be decided based on whether the contested decision is supported by substantial evidence in the administrative record. The Court's review of the record persuades it that defendants' motion should be granted and plaintiffs' motion should be denied.

Robbins, Inc. is a corporate Customshouse broker licensed in Miami, Florida. Its corporate license is supported by individual licenses issued to Allen Robbins, serving as president and treasurer, and Stuart Robbins, serving as vice president and secretary. The revocation of Stuart Robbins' license is the subject of a separate action decided concurrently with this one (Court No. 85-09-01319).

In June of 1982, the Customs Service informed Robbins, Inc. that a number of its checks had been returned for insufficient funds and that it would therefore be required to pay for services and estimated duties either in cash or by certified check. In addition, Robbins, Inc. was informed that it had failed to pay estimated duties on ten released entries of merchandise. In July, Customs ascertained that Robbins, Inc. had failed to pay estimated duties on sixty entries for which it had secured immediate release and had also failed to file the entry summaries for those entries. In August Customs officials met with Allen Robbins to

discuss the failure to comply with Customs regulations. At that time Allen Robbins said that Robbins, Inc. would be able to file the entry summaries but could not pay the estimated duties which clients had advanced because Robbins, Inc. no longer had those funds.

In October, 1982, Customs audited Robbins, Inc. The audit disclosed a failure to pay over to Customs the duties owed on more than 100 entries, which monies had been advanced to Robbins, Inc. by the importers. Allen Robbins admitted to the auditor that the money had been received, had not been paid to Customs, but had been used to cover business expenses.

In September, 1983, two Customs agents interviewed Allen Robbins. He once again admitted that Robbins, Inc. had diverted the monies advanced by importers for duty payments. The agents found that no criminal violations were intended but that the conduct was the result of poor business management. Thereafter, plaintiffs were notified of preliminary proceedings in accordance with 19 C.F.R. § 111.59. In January, 1984, preliminary proceedings were held by the District Director at which time plaintiffs were represented by counsel. In February of 1984, the District Director recommended that formal proceedings be held. In May of 1984, the Commissioner of Customs issued a Notice of Charges to the plaintiffs alleging that Robbins, Inc. had violated 19 C.F.R. § 111.29 by failing to pay duties within thirty days of receipt of monies earmarked for that purpose by importers. That notice listed 109 entries for which funds had been diverted. In August of 1984, Allen Robbins filed a verified answer to the Notice of Charges which admitted delays in the payment of duties. Later in that month an administrative hearing was conducted before William L. Duncan who was also serving as District Director of Customs in St. Louis, Missouri.

At the hearing three witnesses testified in support of the charges. They were John Gray, the Director of Classification and Value Division of the Miami District of Customs; Special Customs Agent Valeria Rhinehart; and Donald L. Robbins, Regulatory Auditor for Customs. Stuart Robbins testified on his own behalf. In April of 1985, hearing officer Duncan issued a report and recommendation based on the Revocation Hearing. He found that a diversion of funds had been proved in 103 of the 110 instances charged in the Notice of Charges. He further found that the diverted funds were used to pay the salaries of Stuart and Allen Robbins, as well as other operating expenses of Robbins, Inc. He recommended that the corporate license of Robbins, Inc. be revoked and that the individual licenses of Allen and Stuart Robbins be suspended for 120 days. Following a period in which all parties filed exceptions to the hearing officer's report, the Secretary of the Treasury adopted the Findings of Fact and Conclusions of Law of the hearing officer. The Secretary, however, ordered the revocation rather than the suspension of the individual licenses of Allen Robbins and Stuart Robbins in addition to the revocation of the corporate license.

The Court's review of the record persuades it that there was substantial evidence that plaintiffs violated 19 C.F.R. § 111.29 and that there were no defects or errors in the proceeding sufficient to place the result in doubt.

19 C.F.R. § 111.29 provides, *inter alia,* that "funds received by a broker from a client for payment of a duty, tax, or other debt or obligation owing to the Government shall be paid to the Government within 30 days from the date of receipt or date due, whichever is later." Substantial evidence in these circumstances means the relevant evidence which a reasonable mind would accept as adequate to support a conclusion. *American Wire Co.* v. *United States,* 8 CIT 20, 590 F. Supp. 1273 (1984), *aff'd sub nom. Armco Inc.* v. *United States,* 760 F.2nd 249 (Fed. Cir. 1985); *See also Baltimore Security Warehouse, Co.* v. *United States,* 9 CIT 641 (1985).

Although plaintiffs stress the absence from the record of the actual books and records of Robbins, Inc. and the specific entry documents involved, and the failure to produce live testimony from clients of Robbins, Inc., this was not necessary. The charges in such hearings do not have to be proven in accordance with the formalities required by the Federal Rules of Evidence. In the present case there was ample evidence to support the Secretary's determination. The verified answer admitted delays in payments of duties and admitted that some of the clients' funds received by Robbins, Inc. were not timely paid. Qualified witnesses testified to the fact that Allen Robbins admitted that he diverted funds in contravention of 19 C.F.R. § 111.29. Their testimony would have been admissible under Rule 801 of the Federal Rules of Evidence and in all probability would be sufficient to constitute substantial evidence by itself.

The documentary evidence admitted at the administrative hearing was also substantial. The Customs Audit Report, which was directly based on the broker's records, constituted evidence of the diversion of funds. The Customs auditor testified that in the audit he located the entries in the corresponding invoices and identified the specific instances in which duty had not been paid. All the other documentary evidence submitted at the hearing, including the Audit Report, the Customs correspondence, and the Report of Investigation supported a conclusion that a diversion of funds had occurred.

Plaintiffs have alleged that the proceedings were flawed by *ex parte* communications between counsel for the Customs Service and the Secretary of the Treasury. The first alleged *ex parte* communication was the Customs Services' Exceptions to the Hearing Examiner's Recommendation. The second alleged *ex parte* communication was the legal analysis of the entire administrative record by the General Counsel's Office. The Exceptions were served on counsel for the plaintiffs and did not give rise to a right of reply to those exceptions. This cannot be characterized as an *ex parte* communication. The legal analysis by the General Counsel's office would appear to be more in the nature of an internal assess-

ment of the case than an adversary document to which a right of reply attaches. The Court sees no reason to consider these as *ex parte* communications which impaired the fairness of the proceeding.

As regards the Secretary's determination to revoke the individual license of Allen Robbins and the corporate license of Robbins, Inc., the Court cannot say that this was an arbitrary and capricious action. It was well within the authority of the Secretary under the terms of 19 U.S.C. § 1641(b), which gives him the discretionary power to revoke or suspend a broker's license, or to impose a monetary penalty. The scope of judicial review of such a decision does not permit the Court to substitute its judgment for that of the agency. *See Barnhart* v. *United States Treasury Department*, 9 CIT 287, 613 F. Supp. 370 (1985). For the reasons given above, it is the decision of this Court that the defendants' motion for judgment on the administrative record be and the same hereby is granted. It is the further decision of the Court that the plaintiffs' motion for summary judgment be and the same hereby is denied.