Lillie VEAL, Plaintiff–Appellant,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant–Appellee.

No. 86–2968.

United States Court of Appeals, Seventh Circuit.

Argued March 31, 1987.

Decided Nov. 16, 1987.

Frederick J. Daley, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff-appellant.

Donald P. McDougall, Asst. Regional Counsel, Chicago, Ill., for defendant-appellee.

Before RIPPLE, MANION, Circuit Judges, and PELL, Senior Circuit Judge.

RIPPLE, Circuit Judge.

In this case, the appellant, Lillie Veal, asks us to review the denial of social security disability benefits for the period September 30, 1983 through April 25, 1985. Ms. Veal filed two applications for benefits with the Secretary of Health and Human Services (the Secretary). The Secretary denied the first application, the subject of this appeal, in June 1983. The second application, filed on April 25, 1985, ultimately was granted and Ms. Veal was awarded benefits from that date; those benefits are not in dispute here. For purposes of disability insurance benefits, Ms. Veal was last insured on September 30, 1983. Appellee's Br. at 2. Consequently, in this present action, Ms. Veal is seeking benefits from September 30, 1983 through April 25, 1985.

At an administrative hearing, an administrative law judge (A.L.J.) denied Ms. Veal benefits because he decided that she was able to perform her former occupation. Ms. Veal then unsuccessfully appealed to the Department of Health and Human Services Appeals Council (the Appeals Council) and, later, to the United States District Court for the Northern District of Illinois. The district judge affirmed the decision of the Secretary. We now affirm the judgment of the district court.

## I

## Background

Ms. Veal commenced this action by filing with the Secretary, on June 9 and 10, 1983, applications for Title II benefits (disability insurance) and Title XVI benefits (supplemental security income) under the Social Security Act (SSA), 42 U.S.C. §§ 416(i), 423, 1382 and 1382c. Ms. Veal contends that the onset date of her disability was May 1981 when she began suffering from gallstones, a uterus problem, high blood pressure and a blood disease. R. 7 at 72. The Secretary denied both her initial application and her subsequent reconsideration request. R. 7 at 89, 92, 99 and 101. Ms.

Veal then requested a hearing before an A.L.J. on November 27, 1984.

At the time of the hearing, Ms. Veal was a 55–year-old woman with a tenth-grade education. She was five-feet-seven inches tall and weighed 180 pounds. Ms. Veal was last employed with Home Health Care of Springfield, Illinois in May 1981 as a home health care worker. In this capacity, Ms. Veal cared for the infirm at their homes. Her duties included fixing meals, giving baths, doing cleaning and laundry, and occasionally assisting handicapped patients around the house. Appellant's Br. at 4. At her administrative hearing, Ms. Veal specifically complained of double vision, shortness of breath, occasional insomnia, nervousness, swelling in her knees, ankles and hands, arthritis in her right hand, a fibroid tumor in her uterus, gallstones, headaches, dizziness, back and kidney pain, a blood disease and high blood pressure. Tr. of Nov. 27, 1984 at 6–8, 14, 20 and 23; R. 7 at 38–40, 46, 52 and 55. The A.L.J. issued his written opinion on January 24, 1985; he denied Ms. Veal benefits on the ground that she could perform her former relevant work as a home health care worker. Appellant's App. at 2 (A.L.J. Decision).

Ms. Veal subsequently filed an appeal with the Appeals Council, which found no basis for further review of the determination of the A.L.J. The A.L.J.'s decision thus became the final determination of the Secretary. Appellant's App. at 8. After thus exhausting all of her administrative remedies, Ms. Veal appealed to the district court.[1] Both Ms. Veal and the Secretary filed motions for summary judgment. In ruling on the cross-motions for summary judgment on October 3, 1986, the district judge affirmed the decision of the Secretary on the ground that the A.L.J. did not abuse his discretion and that his determination was supported by substantial evidence. R. 19; R. 24 at 3.

After Ms. Veal docketed her case in the district court, the Secretary notified her that he had found her disabled from the

---

1. In the interim, Ms. Veal filed a second application with the Secretary on April 25, 1985, requesting benefits on the ground that she had a

progressive impairment of her lower legs due to thrombophlebitis. *See* Appellant's Br. at 3, 4, 8 n. 4.

date of the filing of her second application. Specifically, the Secretary found Ms. Veal completely disabled as of April 25, 1985 due to a combination of physical impairments. R. 26, Ex. G. The district court was not apprised of this decision nor of the information which had been submitted to support it. However, when the case reached this court, Ms. Veal filed a motion to supplement the record with this additional evidence. This motion initially was granted on December 30, 1986. On January 16, 1987, the Secretary filed a motion and supporting memorandum requesting this court to vacate the order to supplement the record. In a further order dated February 9, 1986, the motion to vacate was referred to the panel assigned to decide this case.

## II

### Decision of the Administrative Law Judge

In holding that Ms. Veal was not entitled to any benefits, the A.L.J. noted that the proper method for evaluation of disabilities is provided for under Social Security Administration Regulation Nos. 4 and 16, 20 C.F.R. §§ 404.1520(b), 416.920(b) (1987). He also noted that a claimant's impairment must be projected either to result in death or to last for a continuous period of not less than twelve months. In making his determination as to whether Ms. Veal was disabled, the A.L.J. followed a five-step sequential inquiry specified in the regulations.[2] A.L.J. Decision at 2. In this case, the sequential inquiry was focused on step four: "If you [a claimant] can still do this

kind of [past relevant] work, we will find that you are not disabled." 20 C.F.R. §§ 404.1520(e), 416.920(e) (1987); see A.L.J. Decision at 2. In finding that Ms. Veal was capable of doing her past relevant work, the A.L.J. compared the subjective complaints of Ms. Veal with the objective medical evidence adduced by Dr. Stanley Rabinowitz, a consultative physician, and Dr. Robert Watkins, Ms. Veal's treating physician.[3] A.L.J. Decision at 3–4. After listing Ms. Veal's complaints as high blood pressure, blood disease, a back problem, gallstones, arthritis in her right hand, and shortness of breath, the A.L.J. set forth his findings of fact.

Concerning the high blood pressure, the A.L.J. determined that, although Ms. Veal had severe diastolic hypertension, it was controlled by medication as of January 18, 1984. As to the chronic lower back pain, the A.L.J. found that the objective medical evidence in the record did not support Dr. Watkins' diagnosis of a possible herniated disk. Likewise, the A.L.J. found no objective evidence to support Ms. Veal's claim of arthritis in her right hand. In regard to the complaint of cholelithiasis or gallstones, the A.L.J. determined that calcifications on x-rays possibly supported the existence of gallstones, but that Ms. Veal already was on a diet for this problem. Id. at 3–5.

The A.L.J. then noted that no evidence existed at all to support Ms. Veal's complaint of shortness of breath. The A.L.J. further determined that the diagnoses of Dr. Watkins were inconsistent with other objective medical findings and, therefore,

---

2. We have previously summarized Social Security Administration Regulation Nos. 4 and 16, 20 C.F.R. §§ 404.1520, 416.920, as requiring the factfinder to consider the following in sequence:
   (1) Is the claimant presently unemployed?
   (2) Is the claimant's impairment "severe"?
   (3) Does the impairment meet or exceed one of a list of specific impairments?
   (4) Is the claimant unable to perform his or her former occupation?
   (5) Is the claimant unable to perform any other work within the economy?
   An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops the inquiry

and leads to a determination that the claimant is not disabled.
*Lauer v. Bowen*, 818 F.2d 636, 638 (7th Cir.1987) (quoting *Bauzo v. Bowen*, 803 F.2d 917, 920 n. 1 (7th Cir.1986) (quoting *Zalewski v. Heckler*, 760 F.2d 160, 162 n. 2 (7th Cir.1985)).

3. Ms. Veal also was treated by a Dr. Walker from August 3, 1982 until May 3, 1983 for urinary tract infections and vaginitis. R.7 at 137–47. Although he takes note of this situation in his decision, the A.L.J. apparently did not rely upon any of Dr. Walker's report in his decision and Ms. Veal does not urge us to do so on this appeal.

found that his evaluation of Ms. Veal was not binding. Finally, the A.L.J. made a determination that, in light of the contrary medical evidence, the subjective symptoms of Ms. Veal were not credible. As a result, the A.L.J. concluded that none of Ms. Veal's physical impairments, either individually or in combination, prevented her return to her past occupation as a home health care worker in which she did some heavy lifting and prolonged walking, standing or sitting. *Id.* at 5–6. The A.L.J. then denied Ms. Veal's claim and she sought further review in the Appeals Council. The Appeals Council found no basis for further review of the A.L.J.'s determination. Further review was sought in the district court. The district court affirmed the decision of the Secretary on the ground that the A.L.J.'s determination was based on substantial evidence. R. 24 at 3.

## III

### Discussion

There are two issues before us in this case: first, whether the decision of the A.L.J. is supported by substantial evidence; and second, whether we should vacate this court's previous order allowing Ms. Veal to supplement the record.

### A. *Substantial Evidence*

#### 1. Contentions of the Parties

Ms. Veal contends that the record does not support a finding that, at the time in question, she was able to do her past relevant work, or the work of her former occupation as defined in the national economy by the United States Department of Labor's Dictionary of Occupational Titles (DOT). Therefore, Ms. Veal submits that this court cannot sustain the determination of the A.L.J. because his ruling is not supported by substantial evidence. Specifically, Ms. Veal argues that she lacks the residual functional capacity to perform her past work as a home health care worker. Ms. Veal asserts that, considering all of her impairments cumulatively, the A.L.J. erred in not finding her disabled under the SSA. Ms. Veal further contends that the A.L.J.

erroneously dismissed the reports of her treating physician, Dr. Watkins, as unsupported by objective medical evidence. Appellant's Br. at 5–21.

The Secretary asserts that Ms. Veal retained the residual functional capacity to do her former work as a home health care worker and, consequently, that there was ample evidence to support the A.L.J.'s determination that Ms. Veal was not disabled. The Secretary also contends that Ms. Veal failed to produce any objective medical evidence to support her subjective claims of physical impairment. Similarly, the Secretary asserts that nothing in the reports of Ms. Veal's treating physician, Dr. Watkins, establishes that Ms. Veal was disabled under the SSA. Many of Ms. Veal's subjective complaints, submits the Secretary, were not even brought to the attention of her own treating physician. Moreover, the Secretary contends that the A.L.J. properly discounted Dr. Watkins' diagnoses because they were uncorroborated by clinical and laboratory diagnostic tests. Appellee's Br. at 8–17.

#### 2. Analysis

Unless there has been an error of law, we cannot disturb the factual determination of the A.L.J. if the findings are supported by substantial evidence. *Waite v. Bowen,* 819 F.2d 1356, 1360 (7th Cir.1987); *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir.1986) (per curiam); *Orlando v. Heckler,* 776 F.2d 209, 213 (7th Cir.1985); *Rousey v. Heckler,* 771 F.2d 1065, 1069 (7th Cir.1985). Substantial evidence is that quantum of evidence which "a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)). Although this court may not interject its own judgment for that of the administrative law judge, *McNeil v. Califano,* 614 F.2d 142, 145 (7th Cir.1980), we must not simply rubber stamp his decision in the absence of a critical review of the evidence. *Garfield v. Schweiker,* 732 F.2d 605, 610 (7th Cir.1984).

In this case, we must focus, as did the A.L.J., on step four of the established five-step analysis in social security disability cases: "Is the claimant unable to perform his or her former occupation?" *Lauer v. Bowen,* 818 F.2d 636, 638 (7th Cir.1987). In determining whether a claimant is unable to perform his or her former occupation, the A.L.J. is required to decide whether the claimant "retains the [residual functional capacity] to perform:

1. The actual functional demands in job duties of a particular past relevant job; or

2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy."

*Orlando,* 776 F.2d at 215 (emphasis in original) (quoting Social Security Ruling 82–61 (1980)). This task necessarily entails a comparison of the physical demands of the claimant's past relevant work with her present mental and physical capacity. *Bauzo v. Bowen,* 803 F.2d 917, 925 (7th Cir.1986); *Strittmatter v. Schweiker,* 729 F.2d 507, 509 (7th Cir.1984). Additionally, to establish that the claimant is unable to return to her past relevant work, the

record must establish that she could do so on a sustained basis. *Rousey,* 771 F.2d at 1070–71.

a.

In finding that Ms. Veal was able to perform her past relevant work as a home health care worker, the A.L.J. determined, after surveying her overall medical condition,[4] that Ms. Veal "has the residual functional capacity to perform work-related activities except for work involving lifting more than 100 pounds...." A.L.J. Decision at 6. The A.L.J. concluded that, "[t]he claimant's impairments, singularly or in combination, do not prevent the claimant from performing her past relevant work." *Id.* If the evidence in the record substantially supports the factual finding of the A.L.J., then we must agree that Ms. Veal was able to perform her past relevant work as defined in the DOT.[5] As a result, we could not say that Ms. Veal was disabled. Ms. Veal argues, however, that she was unable to perform "medium-exertional" duties such as repetitive lifting, crouching and stooping. She also contends that the combination of her impairments, coupled with her medications, demonstrate an inability to function as a home health care

---

**4.** In considering Ms. Veal's general medical condition, the A.L.J. made the following findings of fact:

The medical evidence establishes that the claimant has severe controlled hypertension, chronic lumbosacral strain syndrome, history of anemia, etiology undetermined, and exogenous obesity, but that she does not have an impairment or combination of impairments listed in, or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. In view of the medical findings and signs, the claimant's symptoms, including pain and functional limitation, are not credible.

A.L.J. Decision at 5.

**5.** The DOT lists the occupation of "home attendant" as a medium-exertional job. A medium-exertional job is defined in the Code of Federal Regulations as a job requiring a worker to lift a maximum of 50 pounds with frequent carrying or lifting of weights up to 25 pounds. 20 C.F.R. §§ 404.1567(c), 416.967(c) (1987). Both parties agree that a home attendant simply is another appellation for a home health care worker. Appellant's Br. at 18; Appellee's Br. at 16 n. 17. The DOT defines a "home attendant" as:

*Home Attendant (per. ser.) home health aide,* Cares for elderly, convalescent, or handicapped persons in patient's home, performing

any combination of the following tasks: Changes bed linens, washes and irons patient's laundry, and cleans patient's quarters. Purchases, prepares, and serves food for patient and other members of family, following special prescribed diets. Assists patients into and out of bed, automobile, or wheelchair, to lavatory, and up and down stairs. Assists patient to dress, bathe, and groom self. Massages patient and applies preparations and treatments, such as liniment or alcohol rubs and heat-lamp stimulation. Administers prescribed oral medications under written direction of physician or as directed by home care nurse. Accompanies ambulatory patients outside home, serving as guide, companion, and aide. Entertains patient, reads aloud, and plays cards or other games with patient. Performs variety of miscellaneous duties as requested, such as obtaining household supplies and running errands. May maintain records of services performed and of apparent condition of patient. May visit several households to provide daily health care to patients.

United States Department of Labor, Dictionary of Occupational Titles (4th ed. 1977).

worker generally is defined in the national economy. Appellant's Br. at 19.

Nevertheless, the report of Dr. Watkins, dated January 18, 1984, simply indicates that Ms. Veal's hypertension was controlled with medication and that her lower back pain "may be an early manifestation of an early herniated disc. However, x-rays show no associated arthritis." R.7 at 159. Furthermore, Dr. Watkins concluded that medication he prescribed controlled the pain. He also indicated that Ms. Veal would have a complete hysterectomy in the future. *Id.* On November 30, 1984, Dr. Watkins also completed a Physical Capacities Evaluation form (evaluation form), in which he checked boxes indicating that Ms. Veal only occasionally could lift and carry up to ten pounds. He also checked boxes representing that Ms. Veal could either sit, stand or walk for a total of two hours at any one time. R.7 at 174. The instructions on the form requested the physician to complete the listed items "based on [a] clinical evaluation of the claimant and other testing results." *Id.* Ms. Veal, however, never introduced into the record the clinical and/or laboratory tests and results that Dr. Watkins relied on in completing the evaluation form.

In contrast, Dr. Rabinowitz evaluated Ms. Veal on August 12, 1983 based on a physical examination, a cardiogram, chest and back x-rays, and blood work chemistries. R. 7 at 152. Dr. Rabinowitz diagnosed Ms. Veal as suffering from poorly controlled hypertension, anemia, chronic lumbar strain syndrome and exogenous obesity. As to her high blood pressure, Dr. Rabinowitz noted that there was no evidence of end organ damage or neurological impairment. His examination also revealed that Ms. Veal had no difficulty getting on and off the examining table and that her gait testing was normal. Although she had mild limitation in range of motion testing of her spine, a neurological examination failed to uncover any evidence of nerve root damage associated with her back pain. Furthermore, x-rays indicated a normal lumbar spine and heart. R.7 at 158.

■ As a consequence, the evidence in the record does substantially support the findings of the A.L.J. Ms. Veal, while suffering from high blood pressure, chronic lower back strain, a history of anemia and exogenous obesity, did not have any impairments that would be sufficient to find her disabled under the SSA. The A.L.J. reasonably determined that the objective medical evidence did not corroborate Ms. Veal's contentions that she was unable to perform her past work as a home health care worker. Instead, the A.L.J. interpreted the evidence to show that Ms. Veal's high blood pressure was under control, that there were no joint effusions, warmth or tenderness in her back, and that x-rays were inconsistent with a herniated disk of the lower back. In addition, Ms. Veal could walk with no difficulty and a gait test performed by Dr. Rabinowitz was normal.

Moreover, there was no objective medical evidence of arthritis of the right hand and, instead, both Ms. Veal's digital dexterity and grip strength appeared normal and unimpaired. As for her gallstones, the evidence in the record shows that Ms. Veal was under a special diet designed to alleviate the condition. Furthermore, there is no evidence to indicate that the gallstone condition rendered her unable to perform her former occupation. A.L.J. Decision at 5. Finally, there is no objective medical evidence to corroborate Ms. Veal's subjective claim of shortness of breath. *Id.*

### b.

■ Despite a paucity of objective medical evidence directly supporting a disability, the claimant may prove that she is "disabled" within the SSA by subjective complaints if she shows: 1) evidence of an objectively adduced abnormality *and, either* 2) objective medical evidence supporting the subjective complaints issuing from that abnormality, *or* 3) that the abnormality is of a nature in which it is reasonable to conclude that the subjective complaints are a result of that condition. *Sparks v. Bowen,* 807 F.2d 616, 618 (7th Cir.1986). Ms. Veal has failed to meet this burden. The A.L.J. found that her subjective complaints were not credible and that the diagnoses of

her treating physician were unsupported by objective medical evidence. Furthermore, the A.L.J. placed great weight on the objective tests that Dr. Rabinowitz performed which contradicted the subjective complaints of Ms. Veal and the evaluation form that Dr. Watkins completed.

■ Where diagnoses are not supported by medically acceptable clinical and laboratory diagnostic techniques, this court need not accord such diagnoses great weight. *Strunk v. Heckler*, 732 F.2d 1357, 1362 (7th Cir.1984); *see also* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1526(b), 416.926(b) (1987). Here, neither Dr. Watkins' report nor his evaluation form specified that his diagnoses of Ms. Veal's complaints were based on any diagnostic techniques appearing in the record. R.7 at 159–60, 174. Consequently, it was proper for the A.L.J. to discount the reports of Dr. Watkins in the face of the thorough clinical and laboratory tests that Dr. Rabinowitz had performed and on which he based his opinion. R.7 at 149–58.

After a thorough review of the record, we conclude that the record substantially supports the determination of the A.L.J. Because the A.L.J. made a factual determination that Ms. Veal was able to perform her past relevant work as defined by the DOT, we must affirm the decision of the Secretary to deny benefits unless we find that Ms. Veal should be allowed to supplement the record.

### B. *Motion to Vacate the Order to Supplement the Record*

■ On December 19, 1986, Ms. Veal filed a motion in this court to supplement the record on appeal. The motion was granted on December 30, 1986. Subsequently, on January 16, 1987, the Secretary filed a motion to vacate the order to supplement the record. On February 9, 1987, we issued an order that the panel hearing this case would decide the motion to vacate. After careful review of the facts surrounding the evidence sought by Ms. Veal, we grant the Secretary's motion to vacate the earlier order permitting Ms. Veal to supplement the record.

In her motion to supplement the record, Ms. Veal requested this court to consider certain documents that objectively support Ms. Veal's subjective complaints of painful knees, ankles and legs that the A.L.J. found to be not credible. In considering whether to allow a party to supplement the record, the standard is well-settled. Section 405(g) of Title 42 of the United States Code specifies that an appellate court may "order additional evidence to be taken before the Secretary, but only upon a showing that there is [1] new evidence which is [2] material and that there is [3] *good cause* for the failure to incorporate such evidence into the record in a prior proceeding...." 42 U.S.C. § 405(g) (emphasis supplied); *see Waite*, 819 F.2d at 1361.

Here, Ms. Veal has failed to show good cause for not supplementing the record with the proffered evidence prior to this appeal. On April 25, 1985, Ms. Veal filed her second application for supplemental social security disability benefits, which the Secretary initially denied on June 19, 1985. On December 27, 1985, however, the Secretary reconsidered the application in light of our decision in *Johnson v. Heckler*, 769 F.2d 1202 (7th Cir.1985), *vacated sub nom. Bowen v. Johnson*, —— U.S. ——, 107 S.Ct. 3202, 96 L.Ed.2d 690 (1987). Then, on January 24, 1986, the Secretary awarded Ms. Veal benefits dating back to the date she filed her second application. It is these documents, relating to the Secretary's ultimate granting of benefits to Ms. Veal, that Ms. Veal asked this court to consider in reviewing her first application for disability benefits.

We need not decide definitively whether this evidence is material to the onset date of Ms. Veal's current disability and, therefore, is relevant to her first application. Ms. Veal knew, as of December 27, 1985, that the Secretary was reconsidering the benefits on her second application. Moreover, she knew on January 24, 1986, that the Secretary had granted her benefits retroactive to the filing of her second application. Yet Ms. Veal never introduced this evidence before the district court. The district court did not issue its order affirming

the decision of the A.L.J. until October 3, 1986—over seven months *after* the Secretary notified Ms. Veal that her second application for benefits was granted. Failure to show good cause at this stage of the litigation for not introducing the evidence at the district court requires us to grant the Secretary's motion to vacate the order to supplement the record. 42 U.S.C. § 405(g); *Dubinski v. Bowen,* 808 F.2d 611, 614 (7th Cir.1986).

Ms. Veal attempts to show good cause by contending that the evidence sought was unattainable until December 9, 1986—two months after the district court entered its order affirming the decision of the Secretary. Ms. Veal argues that her counsel was unaware of the Secretary's January 24, 1986 decision until she notified him in a letter dated February 4, 1986. Ms. Veal then submits that her counsel made two attempts, before the district court issued its order, to obtain the evidence from 1) the Markham, Illinois Social Security Branch Office on March 20, 1986 and 2) the Secretary's Office of Hearings and Appeals pursuant to the Freedom of Information Act on May 13, 1986. Both attempts were fruitless in obtaining the sought-after evidence.

Ms. Veal contends that the efforts of her counsel were timely and reasonable and that the failure of the Secretary to fulfill the requests constitutes good cause for failure to raise the evidence before the district court. We do not agree. The fact remains that, as in our recent decision in *Waite,* 819 F.2d at 1361, the evidence was available well before the district court issued its order in the case. Ms. Veal made no effort to apprise the court of the existence of the evidence. Moreover, there is no indication that Ms. Veal, through her counsel, "was insufficiently informed in procedural matters to make [such] a supplemental submission" to the district court. *Id.; Kindred v. Heckler,* 595 F.Supp. 563, 567 (N.D.Ill.1984). Ms. Veal, therefore, has failed to meet her burden of proof of showing good cause for failure to include this evidence in the record when the case was before the district court.

## IV

### Conclusion

Because the decision of the A.L.J. denying Ms. Veal disability benefits from June 9, 1983 to April 25, 1985 is supported by substantial evidence in the record, we affirm the decision of the district court. Furthermore, Ms. Veal has failed to show good cause for failing to incorporate certain evidence into the record; therefore, we grant the Secretary's motion to vacate the order to supplement the record.

JUDGMENT AFFIRMED ORDER TO SUPPLEMENT THE RECORD VACATED.