**Joyce SEALES, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

No. 85 C 8150.

United States District Court,
N.D. Illinois, E.D.

June 10, 1988.

216

Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Michael S. O'Connell, Asst. U.S. Atty., Chicago, Ill., for defendant.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Joyce Seales filed this 42 U.S.C. § 405(g) action seeking review of the Secretary of Health and Human Services' ("Secretary's") final decision denying her application for Supplemental Security Income ("SSI") benefits. The parties' cross-motions for summary judgment were referred to Magistrate Lefkow, who recommended that the Secretary's decision be reversed and remanded with directions to grant benefits to Seales.

The Secretary filed timely objections to the Magistrate's Report and Recommendation ("R & R"). Those objections are now sustained, and the case is remanded to the Secretary.

## DISCUSSION

In determining that Seales was not disabled, the Administrative Law Judge ("ALJ") followed the usual five-step inquiry set out at 20 C.F.R. § 416.920 (1987): (1) is the claimant unemployed; (2) is the claimant's impairment severe; (3) does the impairment meet or exceed the list of specific impairments; (4) is the claimant unable to perform her past occupation; and (5) is the claimant unable to perform any other work within the economy. *See Veal v. Bowen*, 833 F.2d 693, 695 n. 2 (7th Cir. 1987). The ALJ answered each question in concluding that Seales was not entitled to benefits.

On review in this court, Magistrate Lefkow disagreed with the ALJ at step three. She believed that Seales is suffering from a disability that meets or exceeds one of the listed impairments. Whether Magistrate Lefkow is correct, and accordingly, whether this court will adopt her R & R, depends at least in part on a construction of the relevant impairment.

Listing 1.03(B) of the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, reads as follows:

1.03 *Arthritis of a major weight-bearing joint (due to any cause):*

With history of persistent joint pain and stiffness with signs of marked limitation of motion or abnormal motion of the affected joint on current physical examination. With:

\* \* \* \* \* \*

B. Reconstructive surgery or surgical arthrodesis of a major weight-bearing joint and return to full weight-bearing status did not occur, or is not expected to occur, within 12 months of onset.

Relying on a report filed by Dr. Brahms, a medical advisor, the ALJ concluded that Seales did not meet this listing because she has had a successful fusion of her left ankle. ALJ opinion, p. 5; R.215.[1] Both parties and the Magistrate interpret this statement as a comment on whether Seales had returned to full weight-bearing status. R & R, p. 16.

For purposes of these motions, the critical words of Listing 1.03(B) are the last five. The Secretary believes that the length of the disability must be measured from the date of surgery: if a return to full weight-bearing status occurs within one year of surgery, the claimant is not disabled. Seales asserts that the appropriate measuring date should begin in February, 1984, when she filed for benefits. She argues that so long as she has had the surgery (and the other requirements of § 1.03 are met), a twelve-month period of disability any time after that is sufficient to bring her within the scope of the impairment.

The parties have not cited, nor has the court found, any authority interpreting § 1.03(B). A common sense reading of the regulation, however, gives a clear answer. If one accepts Seales' view, then one is merely adding the words "of disability" to the regulation, making the final phrase "within twelve months of onset of disability." The Secretary's interpretation, on the other hand, requires the final phrase to read, "within twelve months of onset of reconstructive surgery or surgical arthrodesis." Such a reading is ludicrous, for reconstructive surgery does not come upon

or "attack" someone. See Webster's Ninth New Collegiate Dictionary (1985).

In interpreting statutes, the Supreme Court has stated that where the language is clear, further inquiry is not necessary. See *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 201, 96 S.Ct. 1375, 1384, 47 L.Ed.2d 668 (1976). It would, in fact, be difficult to do further inquiry since there is no legislative history for these regulations. We have noted, however, that throughout the regulations, the Secretary has repeatedly used the word "onset" in conjunction with the date the disabling condition began. See 20 C.F.R. Part 404, Subpart P, Appendix 1, §§ 1.10(C)(3), 1.11–1.13 (1987).

Moreover, the Secretary has issued a Social Security Ruling ("SSR") regarding the determination of onset of disability. See SSR 83–20. Social Security Rulings are binding on all proceedings before the Social Security Administration. *Lichter v. Bowen*, 814 F.2d 430, 434 n. 5 (7th Cir.1987). In SSR 83–20, the Secretary discusses onset dates for disabilities of traumatic origin (usually the date of injury) and non-traumatic origin (which requires consideration of the claimant's allegations, work history, and medical evidence). In some cases, the onset date will be presumed to be the date the applicant filed for benefits. Nowhere does SSR 83–20 suggest that the onset date should be the date of a surgical procedure.

■ This court therefore finds that the Secretary's construction of Listing 1.03(B) is erroneous. He makes no arguments in support of his reading, nor does he claim that it is entitled to deference. We also do not address whether other constructions of § 1.03(B) might be appropriate, for the Secretary has offered none.

■ Because neither the ALJ nor the Magistrate construed the regulation as this court does, we will examine the record to determine whether the ALJ's decision is nonetheless supported by substantial evidence. We conclude that it is not.

Only Dr. Shah, one of Seales' treating physicians, commented on the duration of her disability. He expected that she would

---

1. All citations are to the administrative record unless otherwise noted.

never return to full weight-bearing status. (R.175). The ALJ discredited a report submitted by Dr. Shah, but that report is located at page 212 of the administrative record. ALJ opinion, p. 5. Further, the ALJ rejected the report at page 212 because no medical evidence was attached to it. *Id.* The report at page 175 contains such evidence, and the ALJ never commented on it.

The ALJ based his finding that Seales did not meet Listing 1.03(B) on answers to interrogatories submitted by Dr. Brahms. ALJ opinion, p. 5. Dr. Brahms did not, however, comment on Seales' ability to bear her own weight and it is clear that he never examined her. All he states is that Seales had a successful fusion, thus suggesting that he measured the duration of her disability from the date of her 1956 surgery. As discussed previously, this analysis is contrary to the regulation.

Without Dr. Brahms' opinion, the ALJ's finding lacks a factual basis and is not supported by substantial evidence. In addition, the ALJ never commented on the other requirements of § 1.03(B), such as persistent joint pain or limited range of motion. Rather than evaluating that evidence now, this court will remand the case to the ALJ so that he can determine the onset date and assess the record in light of our reading of Listing 1.03(B).

## CONCLUSION

The parties' cross-motions for summary judgment are denied, the objections to the Magistrate's Report and Recommendation are sustained, and the case is remanded to the Secretary.