**Benny SMITH, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**No. 87 C 1398.**

United States District Court,
N.D. Illinois, E.D.

Oct. 24, 1988.

Bary A. Schultz, Schultz & Winick, Evanston, Ill., for plaintiff.

Carol A. Davilo, Asst. U.S. Atty., Civ. Div., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

■ Benny Smith applied for social security disability benefits. Following other administrative proceedings, a hearing was held before an Administrative Law Judge ("ALJ"). The ALJ applied the standard five-step sequential analysis. *See* 20 C.F.R. §§ 404.1520, 416.920; *Veal v. Bowen,* 833 F.2d 693, 695 n. 2 (7th Cir.1987). He found that Smith had a severe impairment, but that it did not satisfy the requirements of the "Listings." The ALJ also found that Smith could not perform his past relevant work. Benefits were denied at "step five" in that the ALJ found that Smith could perform sedentary work and applying the "Grid" it was found that he could perform other work within the economy. The Appeals Council affirmed the ALJ's determination and Smith filed suit in this court. Both parties moved for summary judgment and the motions were referred to a magistrate. In his report and recommendation, the magistrate recommends granting Smith's motion and denying the Secretary's. The Secretary has objected to the magistrate's report. As regards the summary judgment motions, this court must make a *de novo* determination as to all issues objected to and is also permitted to make further *de novo* determinations. *Delgado v. Bowen,* 782 F.2d 79, 81–82 (7th Cir.1986) (per curiam). While the court agrees with the conclusion reached by the magistrate, as discussed below, the court's analysis differs somewhat from that of the magistrate.

In reviewing the decision of the Secretary, the court is obliged to review all the evidence contained in the record. The court must accept the findings of the Secretary if supported by substantial evidence; the court may not decide the facts anew, reweigh the evidence, or substitute its own judgment for that of the Secretary. Still, review must be more than an uncritical rubber stamp. It is expected that the decision of the ALJ will be based on consideration of all relevant evidence and that the reasons for his conclusions will be stated in a manner sufficient to permit an informed review. *Id.* at 82–83. "Substantial evidence is the quantum of evidence which 'a reasonable mind might accept as adequate to support a conclusion.'" *Veal,* 833 F.2d at 696 (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

■ The principal dispute in this case concerns whether the ALJ gave proper consideration to Smith's complaints of pain. If there is "1) evidence of an objectively adduced abnormality *and, either* 2) objective medical evidence supporting the subjective complaints issuing from that abnormality, *or* 3) that the abnormality is of a nature in which it is reasonable to conclude that the subjective complaints are a result of that condition," the ALJ must give consideration to subjective complaints of pain. *Veal,* 833 F.2d at 698; *Sparks v. Bowen,* 807 F.2d 616, 618 (7th Cir.1986). The ALJ can still find the complaints to be noncredible, *see Walker v. Bowen,* 834 F.2d 635, 641 (7th Cir.1987), or the pain of the claimant of an insufficient degree to be disabling, *see Meredith v. Bowen,* 833 F.2d 650, 654 (7th Cir.1987), but the complaints must have been considered and substantial evidence must support the determination of noncredibility or lack of sufficient severity.

After discussing his determination that Smith was not disabled on the Grid, the ALJ stated the following:

In making this determination, the undersigned has considered the claimant's complaints of pain and their effect on his ability to perform basic work related functions. While the claimant probably does have some discomfort, it should not prevent the performance of sedentary work activities. In this regard, it is noted that the claimant did not appear to be in any significant distress when he was seated at the hearing. He answered questions alertly and there were no indi-

cations of interference with his ability to concentrate or respond as a result of pain. The claimant carries 210 pounds on a 6′2″ frame and he has obviously not suffered the severe weight loss which usually accompanies unrelenting pain. The objective medical evidence fails to document the existence of any condition which would cause pain severe enough to prevent the performance of sedentary work.

In his formal findings, the ALJ stated the "complaints of severe disabling pain are not credible." Also, in concluding Smith did not satisfy any of the criteria of the Listings, the ALJ stated the following:

> In a report dated September 2, 1985, Dr. Baltasar stated x-rays did reveal levoscoliosis of the cervical spine. The claimant's head had a slight tilt to the left and he had a reduced range of motion of 50 percent of his cervical spine. He also experienced pain on movement with paravertebral muscle spasms (Exhibits 17, 22, and 32). An arthritic report submitted on April 3, 1985, confirmed cervical spondylosis. The claimant did have normal reflexes and was able to walk unassisted. He did have diminished flexion on movement of his neck, however (Exhibit 21). Irma [sic] Melnicof, DO, submitted a report on October 22, 1985, stating the claimant had evidence of cervical strap muscle spasm and a seronegative arthritis. However, the latter was not concluded to interfere with his functional capacity. He did have a slight left tilt to his head and a reduced range of motion of his cervical spine to 35 degrees on extension and flexion. Rotation to the left was 70 degrees and rotation to the right was 75 degrees. His laboratory tests were within normal limits (Exhibit 37). Consequently, the objective medical evidence and the claimant's credible testimony at the hearing revealed that he has had a long history of cervical spine syndrome but is fully ambulatory and is able to walk unassisted. He does have some restricted range of motion of his cervical spine but there is no evidence

of any other limitation of his ability to walk, stand or sit.

■ The magistrate has provided an extensive discussion of the medical evidence that favors a finding that Smith cannot perform sedentary work. It is unnecessary to repeat that discussion. It is sufficient to point out that there is objective medical evidence that Smith has cervical abnormalities, including chronic cervical strain, osteoarthritis of the neck, and muscle spasms. There is also medical evidence that such conditions can cause severe neck pain and headaches. Further, there is evidence of limited neck flexion which is consistent with pain, as well as evidence of swelling. Smith testified that pain in his neck and head affected his ability to sit and concentrate.[1]

■ There is objective medical evidence supporting the testimony of pain. It was therefore necessary for the ALJ to consider that testimony. The ALJ referred to this testimony, but rejected it to the extent it could be considered evidence of severe pain. The three grounds for rejecting the testimony as to extent of severity are legally deficient or not supported by substantial evidence. The first ground was the ALJ's observation that Smith did not appear uncomfortable or in distress while seated at the hearing. Smith, however, testified he could sit comfortably for up to an hour and sedentary work involves sitting up to six hours a day. The record does not show how long the hearing lasted, but the transcript of the hearing consists of only 22 pages. The hearing probably lasted well under an hour. Moreover, the ALJ's observations were certainly an insufficient basis for concluding pain would not prevent sitting six hours of a work day.

■ The second ground given by the ALJ is that unrelenting pain necessarily is accompanied by severe weight loss and Smith has no such weight loss. The court has doubts about the accuracy of that proposition of physiology, but it is unnecessary and inappropriate to resolve that physiological issue. The ALJ, like the court, is not a

---

1. Smith's wife also testified and referred to hand swelling and pain that limited Smith's use of his hands. There is medical evidence of seronegative arthritis causing this condition. However, Mrs. Smith testified this condition had generally been controlled by medication and Dr. Ira Melnicof reported the arthritis did not interfere with hand function. Substantial evidence supports the ALJ's finding that the seronegative arthritis and related pain did not prevent the performance of sedentary work. Contrary to plaintiff's argument, the ALJ could properly accept parts of Dr. Melnicof's report and reject other parts. *See Walker*, 834 F.2d at 644.

medical expert. It is improper for either the ALJ or the court to make independent medical determinations. *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir.1985); *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir.1982). Since there is no medical evidence to support the ALJ's assertion, this was an improper ground for rejecting the testimony of pain.

██ The third ground was lack of objective medical evidence. As already discussed, there is objective medical evidence supporting the testimony. Even the report of Dr. Melnicof refers to cervical spasms and limited flexion of the neck. He specifically states the seronegative arthritis did not limit hand function, but makes no similar statement regarding the neck pain. Dr. Melnicof did note Smith's complaints of pain and still found he could sit up to six hours. In *Walker*, 834 F.2d at 641–42, the Seventh Circuit indicated similar evidence from two doctors could be substantial evidence supporting an ALJ's determination that Walker's testimony of pain was noncredible.[2] However, under the facts of this case, it is not substantial evidence to support the ALJ's findings. As detailed in the magistrate's report, there is much evidence to the contrary. Also, Dr. Melnicof only examined Smith once for 52 minutes. Further, other of his findings were greatly overstated when compared to the findings of the ALJ. Dr. Melnicof found Smith could lift and carry 50 pounds frequently and stand for six hours. In light of all the evidence, the implication from Melnicof's report that Smith's testimony as to pain

was noncredible cannot be considered substantial evidence supporting a finding that Smith's testimony was noncredible.[3] Moreover, the ALJ's statement that Smith has "some restricted range of motion of his cervical spine but there is *no evidence* of any other limitation in his ability to walk, stand or sit" indicates the ALJ failed to fully consider much of the evidence as to Smith's limitations. Further, even Dr. Melnicof's report as to six hours of sitting states Smith must get up frequently and walk to avoid stiffening of the upper back. It is questionable whether such a limitation on sitting would still put Smith in the category of being capable to perform sedentary work. *See Walker*, 834 F.2d at 642.

The previous discussions of Dr. Melnicof's report assumes the ALJ found that there was objective medical evidence supporting the testimony as to severity of pain so that the ALJ considered the testimony and then decided to reject it based on other evidence. But that is not what the ALJ states he did. The ALJ states, "The objective medical evidence fails to document the existence of any condition which would cause pain enough to prevent the performance of sedentary work." The ALJ is stating that there was insufficient evidence of any condition that would even require that he consider the testimony as to severity of pain.[4] Such a conclusion is not supported by substantial evidence and is contrary to his findings of cervical muscle spasms, limited neck flexion, cervical spondylosis, and swelling.[5] Therefore, the ALJ, had to consider the testimony of severe pain.

2. In *Walker,* there were also other reasons for finding the testimony noncredible. *See id.,* 834 F.2d at 641. Therefore, the Seventh Circuit did not determine the evidence from the two doctors was, alone, sufficient to constitute substantial evidence.

3. The court does not consider the reports of Dr. Wenthe and Dr. Barringer since the ALJ makes absolutely no reference to those reports. Those reports both contain Residual Functional Capacity Assessments (SSA Form 4734–F4) which rate Smith at the highest physical capacity in every category, even though both note on attachments clinical evidence of limited neck flexion and pain. The ALJ apparently found these reports inconsistent with the clinical evidence and rejected them.

4. The ALJ's statement that Smith "does have some restricted range of motion of his cervical spine but there is no evidence of other limitation in his ability to walk, stand or sit" also indicates he failed to adequately consider evidence of pain that limited the ability to sit or do other activities.

5. The Secretary correctly points out that some of the reports submitted by Dr. Lee Lichtenberg could be viewed as substantial evidence that Smith had cervical abnormalities that could have caused severe pain, but that in Smith's case they did not cause severe pain that would limit sitting necessary for sedentary work. The ALJ, however, did not rely on those reports for that purpose. More importantly, the ALJ found

Although the ALJ states he "considered the claimant's complaints of pain," he only considered them to the extent they referred to mild discomfort. As for complaints of severe pain, he stated there was no objective evidence requiring consideration of those complaints or, apparently in the alternative, he rejected the testimony for reasons this court holds to be legally deficient.

The ALJ failed to adequately consider Smith's testimony as to severe neck pain and headaches. This case is remanded to the Secretary for further proceedings consistent with this order.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. The Clerk of the Court is directed to enter a judgment remanding this case to the Secretary for further proceedings consistent with this order.

there was no evidence of abnormalities that could cause severe pain, not that there was

evidence of abnormalities that could cause pain but they did not cause pain.