946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
David COX, Plaintiff/Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant/Appellee.
 No. 89-3595.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 1, 1991.*
Decided Oct. 21, 1991.
 
 Before CUMMINGS, CUDAHY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 David Cox first applied for disability benefits in September 1982. His application was denied, and he did not appeal that denial. He again applied in January 1984. After benefits were again denied, an Administrative Law Judge ("ALJ") found for Cox and awarded him benefits. The Appeals Council, on its own motion, reviewed the case and reversed the ALJ's decision on May 23, 1985, finding that Cox's statements regarding his symptoms were not credible. Cox did not seek judicial review of the decision of the Appeals Council.
 
 
 2
 In January 1987, Cox filed a third application for disability benefits. It is this application that is the subject of this appeal. The Social Security Administration denied Cox's application initially and upon reconsideration. Cox then requested and received a hearing before an ALJ.
 
 PROCEDURAL BACKGROUND
 
 3
 Cox's application of January 1987 alleged an onset of disability on January 15, 1982. The ALJ found that Cox had not submitted any new and material evidence to justify setting aside the previous determinations and that the doctrine of administrative res judicata applied to the May 23, 1985 decision of the Appeals Council. He therefore limited his inquiry on the merits to whether Cox was disabled after that date. After hearing all of the evidence, the ALJ applied the standard five-step analysis to determine whether Cox suffered from a disability. Herr v. Sullivan, 912 F.2d 178, 180 n. 1 (7th Cir.1990). The ALJ found that Cox had not engaged in gainful employment since May 23, 1985. He also found that Cox had severe obesity and a back impairment, but that disability could not be established under the listings. The ALJ further found that Cox was not able to return to his past relevant work. The ALJ then found that Cox had the residual functional capacity to perform the full range of sedentary and light work. The ALJ determined that because of Cox's residual functional capacity, age, education, and work experience, the Medical Vocational Guidelines directed a conclusion that Cox was not disabled, and therefore not entitled to disability benefits. 20 C.F.R. Part 4, Subpart P, Appendix 2, Rule 202.18 of Table No. 2.
 
 
 4
 In his request for review of the ALJ's decision before the Appeals Council, Cox submitted that the ALJ incorrectly determined that the doctrine of administrative res judicata applied to the May 23, 1985 decision of the Appeals Council. The Appeals Council concluded that there was no basis for granting Cox's request for review, also noting that the evidence of a psychological evaluation and an affidavit did not constitute new and material evidence that would preclude the application of res judicata to the May 23, 1985 decision.
 
 
 5
 Cox sought judicial review in the United States District Court of both the May 23, 1985 and the September 9, 1988 actions of the Appeals Council. The matter was referred to a United States Magistrate Judge, who recommended affirming the decision of the ALJ.
 
 
 6
 Cox objected to the findings and recommendations of the magistrate judge, 28 U.S.C. § 636(b)(1), stating that the issue before the court was not whether the ALJ erred in applying res judicata to the May 23, 1985 decision of the Appeals Council, but rather whether the ALJ erred when he applied res judicata to the May 23, 1985 finding that Cox was not credible. Cox argued that, because the ALJ felt bound by the May 23, 1985 credibility decision of Appeals Council, his new evidence that explained why Cox comes across as incredible was not considered.[1]
 
 
 7
 The district judge made a de novo review of the portions of the magistrate judge's report and recommendation to which Cox objected. The district court adopted the magistrate judge's recommendation and affirmed the decision of the ALJ.
 
 ANALYSIS
 
 8
 In reviewing a decision of the ALJ, a court must review all of the evidence in the record. Delgado v. Bowen, 782 F.2d 79, 82 (7th Cir.1986). Unless the ALJ has committed an error of law, we may not overturn his factual findings as long as they are supported by substantial evidence. 42 U.S.C. § 405(g); Arbogast v. Bowen, 860 F.2d 1400, 1403 (7th Cir.1988). Substantial evidence means "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Where the evidence is conflicting, the decision of whether a claimant is disabled falls on the ALJ. Herr, 912 F.2d at 181. Although this court may not reweigh the evidence or substitute its judgment for the ALJ's, Stuckey v. Sullivan, 881 F.2d 506, 508 (7th Cir.1989), we may not simply rubber-stamp the ALJ's decision without a critical review of the evidence. Veal v. Bowen, 833 F.2d 693, 696 (7th Cir.1987).
 
 
 9
 On appeal, Cox argues that the ALJ erred when he refused to consider and evaluate new and material evidence regarding Cox's credibility on the grounds of res judicata.[2] The record does not support Cox's claims. The ALJ reached the merits of the question of whether Cox was disabled after May 23, 1985. The ALJ discussed the medical evidence before him, including the new evidence of a psychological evaluation of Cox by Dr. Michael Murphy. The ALJ gave a number of reasons for his finding that Cox was not credible: 1) Cox's statement that he did not know that he could appeal the prior decision of the Appeals Council when, in fact, he had been notified of his right to appeal; 2) Cox was "too glib" about his limitations; 3) his account of one of his doctor's comments was not supported by the medical record; 4) his alleged onset date preceded the time he had recovered sufficiently to perform an activity that required a high level of exertion; and 5) his appearance and demeanor were not consistent with his allegations of severe pain. There is no indication that the ALJ applied res judicata in making his credibility determination.
 
 
 10
 In addition, Cox's contention that the Appeals Council misapplied the doctrine of res judicata to the possibility of a post-May 23, 1985 award of benefits is not supported by the record. Cox argues that the Appeals Council refused to consider: 1) a psychological evaluation submitted to explain why he "comes across to others as 'incredible;' " and 2) an affidavit by his former attorney explaining that the attorney had advised Cox not to appeal the 1985 decision of the Appeals Council. However, the Appeals Council referred to both the psychological evaluation and the affidavit, stating that they did not constitute new and material evidence that would preclude the ALJ's application of res judicata to a pre-May 23, 1985 award of benefits. We note that in his request for review by the Appeals Council, Cox alleged that the ALJ "incorrectly determined that the doctrine of administrative res judicata applied to the May 23, 1985 decision of the Appeals Council." Consequently, the Appeals Council considered the psychological evaluation and the affidavit in responding both to that claim and to the ALJ's decision on the merits.
 
 
 11
 It is clear from the record that the ALJ only applied res judicata to bar a finding of disability prior to the May 23, 1985 decision of the Appeals Council. The ALJ made an independent evaluation of the evidence regarding the period after May 23, 1985 and made findings of fact based on that evidence, including a credibility finding regarding Cox's testimony. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The appellant indicated in his brief that he waived oral argument. In addition, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 In his objections, Cox also commented that the Appeals Council in 1985 exceeded the proper scope of its reviewing authority in reversing the credibility finding of an ALJ. As the district court pointed out, whether the Appeals Council exceeded its authority in 1985 in reversing an ALJ's credibility determination is not at issue in this case. However, this circuit has held that an Appeals Council can reverse an ALJ's credibility assessment of a witness. Bauzo v. Bowen, 803 F.2d 917, 922 (7th Cir.1986)
 
 
 [2]
 Cox acknowledges that the ALJ correctly applied res judicata to his disability claim for the period prior to May 23, 1985