**Jeanette STEPHENS, Plaintiff-Appellant,**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security Defendant-Appellee.**

**No. 16-2254**

United States Court of Appeals, Seventh Circuit.

Submitted December 12, 2016 *

Decided December 13, 2016

---

* We have unanimously agreed to decide this case without oral argument because the briefs and record adequately present the facts and

Jeanette M. Stephens, Pro Se

Douglas Snodgrass, Attorney, Office of the United States Attorney, Chicago, IL, Eric Truett, Attorney, Social Security Administration, Office of the General Counsel, Region V, Chicago, IL, for Defendant-Appellee

Before MICHAEL S. KANNE, Circuit Judge ANN CLAIRE WILLIAMS, Circuit Judge DAVID F. HAMILTON, Circuit Judge

**ORDER**

Jeannette Stephens appeals from the district court's judgment upholding the Social Security Administration's denial of her application for Disability Insurance Benefits. She argues that her application should be reevaluated because an administrative law judge later found her disabled based on a separate application she filed. But Stephens never apprised the district court of the later finding, let alone sought a timely reassessment of the denial of benefits, so we affirm.

In September 2010, Stephens first applied for disability benefits based on several conditions that included lumbar pain, depression, asthma, sleep apnea, and forearm strain. The Social Security Administration denied her application both initially and upon reconsideration. Some time later, assisted by counsel, she had a hearing before ALJ Lee Lewin. On November 20, 2012, ALJ Lewin concluded that Stephens was not disabled. The Appeals Council denied review of the ALJ's decision.

legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In April 2014 Stephens, represented by new counsel, sought judicial review. Stephens contended that ALJ Lewin erred by (1) not sufficiently accounting for the opinion of her treating physician, (2) rejecting all medical opinions in favor of the ALJ's own lay opinion, and (3) failing to account for all of her limitations when computing her residual functional capacity.

Around that same time, Stephens filed a second application for disability benefits with the Social Security Administration. (This application is not included in the record, but presumably was based on more recent medical documents than those included in the prior application.) The agency again initially denied benefits to Stephens, but this time after a hearing a different ALJ (William Spalo) found her disabled as of November 21, 2012 (just one day after ALJ Lewin had found Stephens not disabled) based on the Medical–Vocational Guidelines, and thus entitled to benefits.

Even though Stephens's first application was still pending in the district court at the time ALJ Spalo found her disabled, Stephens never informed the court of the favorable ruling. Magistrate Judge Gilbert (to whom both parties consented to conduct all proceedings in the case) reviewed only the denial of Stephens's first application, and concluded that substantial evidence supported ALJ Lewin's ruling. As Magistrate Judge Gilbert explained, the ALJ proffered legitimate reasons for discounting the treating physician's opinion, gave proper weight to the medical opinions, and correctly accounted for Stephens's limitations when determining her Residual Functional Capacity.

Stephens, now proceeding pro se, argues that ALJ Spalo's finding of disability undercuts ALJ Lewin's finding in this case that she was not disabled through November 2012. But Stephens does not pinpoint any errors in the decision of either ALJ Lewin or Magistrate Judge Gilbert.

Stephens could have asked for a reassessment of ALJ Lewin's decision based on ALJ Spalo's favorable finding, either under Federal Rule of Civil Procedure 60 ("newly discovered evidence") or sentence six of 42 U.S.C. § 405(g) (allowing for remand based on new and material evidence, as long as she could show "good cause" for failing to incorporate such evidence into the record in a prior proceeding); *Melkonyan v. Sullivan*, 501 U.S. 89, 98–99, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), but she waived these arguments by failing to raise them in the district court. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). In any event, Stephens may not introduce ALJ Spalo's disability finding as "new evidence" here because she has not shown good cause for previously failing to introduce it in the district court. *Veal v. Bowen*, 833 F.2d 693, 699–700 (7th Cir. 1987) (deciding in procedurally analogous case, where claimant tried to introduce evidence of later finding of disability in appellate court even though finding had been available while case was pending in district court, that she failed to show good cause for not supplementing the record earlier); *see also Midwest Fence Corp. v. United States Dep't of Transp.*, 840 F.3d 932, 945–47 (7th Cir. 2016).

Stephens also restates the three issues that she raised in the district court, but she does not develop any challenge to the court's handling of them, nor does she cite to legal authority or the record in support. *See* Fed. R. App. P. 28(a)(8); *Long v. Teachers' Ret. Sys. of Ill.*, 585 F.3d 344, 349 (7th Cir. 2009); *Jones v. InfoCure Corp.*, 310 F.3d 529, 534 (7th Cir. 2002).

AFFIRMED.